GENERAL MOTORS ACCEPTANCE CORPORATION, RE-
SPONDENT, v. AMERICAN SURETY COMPANY OF NEW
YORK, APPELLANT.

Argued May 2, 1933—Decided June 2, 1934.

Before Justices PARKER and PERSKIE.

For the rule, *John A. Bennett.*

*Contra, Harry Green.*

The opinion of the court was delivered by

PARKER, J. The case presents an unusual but not an un-
precedented situation. The present action is against the
surety on a defendant's bond in replevin, conditioned for the
return to the plaintiff herein of certain goods in as good con-
dition as at the time of the recaption, if said goods should be
adjudged to the plaintiff in replevin. The plaintiff had a
judgment in the trial court on September 30th, 1930. The
goods not being returned in performance of the condition,
plaintiff in replevin on October 10th began suit on the bond

against the surety. On October 28th defendant surety answered in the suit on the bond, and on the same day defendant in replevin, a corporation named Capital Associates, took an appeal to this court in the replevin suit. There was a judgment on the bond on March 3d, 1931, and a similar appeal to this court which was argued on briefs at the May term, 1931, and decided November 16th, 1931, affirming the judgment against the surety. *General Motors' Acceptance Corp.* v. *American Surety Co.,* 108 *N. J. L.* 229. The appeal in the replevin suit had been argued in this court in January, 1931, but was still pending at the time of the affirmance in the bond suit, and was not decided until January 20th, 1932, at which time this court reversed the judgment in the replevin suit. *General Motors, &c.,* v. *Capital Associates, Ibid.* 421. It is therefore evident that the affirmance in the bond suit was properly predicated on the persistence of the judgment for the plaintiff in the replevin suit. The judgment of reversal in the replevin action was not entered until March 10th, 1932, on which date this court also made a rule in the bond suit withdrawing the rule of affirmance therein and directing the record previously remitted to be returned to this court; staying execution, and restraining any proceeding to enforce the judgment on the bond. The necessary effect of this rule, if valid, was to suspend the affirmance in the bond suit until further order of the court.

On March 19th the court wrote to counsel asking whether they proposed to do anything further on their application to hold the judgment on the bond, and counsel replied that as they had an order staying execution in the bond suit, they would probably leave the matter dormant until after plaintiffs' time for taking an appeal (in the replevin suit) had lapsed.

But that situation never arose. An appeal was taken by plaintiff in the replevin suit on March 30th, argued at October term, 1932, of the Court of Errors and Appeals and decided January 23d, 1933. 110 *N. J. Law* 61. These facts, though of course known to the court in a general way, were not officially presented in the bond suit, which was allowed

to remain in *statu quo* until April, 1933, after the final decision in the replevin suit had gone down to the Circuit Court.

There being thus a final judgment for defendant in the replevin suit, and the rule recalling the *remittitur* in the bond having slept while the other appeal was pending in the Court of Errors and Appeals, the defendant in the bond suit, viz., the surety company, obtained the present rule to show cause looking to the definite vacation of the former affirmance and to a judgment of reversal based on the reversal in replevin.

That this is proper practice in a case where the reversal in the primary action has taken place and is presented to the appellate court before decision of the appeal in the secondary action, seems settled in this state. *Waldron* v. *Ely,* 2 *N. J. L.* 75; *Steelman* v. *Ackley, Ibid.* 165; *Anderson* v. *Radley,* 3 *Id.* 1034.

The practical difficulty is that in the argument of the bond case this court was not asked to consider any pending appeal in the replevin suit, nor asked to reserve decision until such appeal could be determined. As will appear by the report of the present case in 108 *N. J. L.* 229, there was no suggestion of a pending appeal in the replevin suit, but the argument was predicated solely on a supposedly valid judgment in replevin and the sufficiency of an answer setting up a conditional offer of return. So in the bond suit the court necessarily proceeded to make a decision on that basis.

The gist of the present situation as we see it is that appellant, instead of pointing out in the bond suit appeal that an appeal was pending in the replevin suit, and asking that the decision await the result of that appeal, speculated on a possible reversal in the bond suit on other grounds, was unsuccessful, and only after an adverse decision invoked the pendency of the other appeal, which existed when the cause was argued, and the reversal on that appeal, which was not effective if at all until nearly four months after our decision in the bond appeal. We are now asked to recall and reverse our decision, which was manifestly right on the facts as presented, and to deal with facts existing in part but not pre-

sented, and other facts not then existing but reasonably to be anticipated, and not invoked. Such a situation does not seem to be controlled by the early decisions cited above. We think the appellant is not entitled to invoke such facts now, after decision of an appeal submitted on other grounds, and that the rule to show cause should be discharged, with costs, and the record re-remitted to the Circuit Court for its further procedure thereon. See *Fox* v. *Lambson,* 8 *N. J. L.* 339.

This, however, does not conclude the defendant, for the Circuit Court has full control of its own judgment, and in view of the reversal in replevin is at liberty to entertain an application to open the judgment and entertain the new defense that the goods were not awarded to the plaintiff. *Bell* v. *Kelly,* 17 *N. J. L.* 270.

The foregoing is a modification of an original opinion filed October 13th, 1933, and withdrawn for further consideration in view of an application for reargument claiming that certain material facts had been overlooked. Those facts have been duly considered, and while that consideration has led to certain modifications in the opinion, it works no change in the result.

The rule to show cause is discharged, with costs, and the record ordered remitted to the Circuit Court.